Slip-Op. 09-63

UNITED STATES COURT OF INTERNATIONAL TRADE

```
- - - - - - - - - - - - - - - - -- -x
UNIROYAL MARINE EXPORTS           :
LIMITED,                          :
                Plaintiff,        :
                                  :
                                  :
                v.                :    Before: Pogue, Judge
                                  :    Consol. Ct. No. 08-00241
                                  :
UNITED STATES,                    :
                                  :
                Defendant,        :
                                  :
      and                         :
                                  :
AD HOC SHRIMP TRADE ACTION        :
COMMITTEE,                        :
        Defendant-Intervenor.     :
- - - - - - - - - - - - - - - ----x
```

[Plaintiff's motion for judgment on the agency record denied;
judgment entered for Defendant.]


Garvey Schubert Barer (Lizabeth R. Levinson, Ronald M. Wisla)for Uniroyal Marine Exports Limited.


Tony West, Assistant Attorney General, Michael F. Hertz, Deputy Assistant Attorney General; Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director Commercial Litigation Branch, Civil Division, U.S. Department of Justice; Stephen C. Tosini, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; Mark B. Lehnardt, of Counsel.


Picard, Kentz & Rowe, LLP (Nathaniel Maandig Rickard, Andrew W. Kentz) for Defendant-Intervenor Ad Hoc Shrimp Trade Action Committee.


Decided: June 24, 2009

POGUE, Judge: In this action, Plaintiff Uniroyal Marine

Consol. Court No. 08-00241                                    2

Exports, Ltd. ("Uniroyal") seeks review of the Department of
Commerce's ("Commerce" or the "Department") decision to reject
factual information that Uniroyal submitted -- after Commerce's
regulatory deadline -- in the second administrative review of the
antidumping duty order on <u>Certain Frozen Warmwater Shrimp from
India</u>, 73 Fed. Reg. 40492 (July 15, 2008). Uniroyal's challenge to
Commerce's decision is currently before the court in Uniroyal's
motion for judgment on the agency record pursuant to USCIT Rule
56.2.

The court has jurisdiction over Uniroyal's request pursuant to
Section 516a(a)(2)(B)(iii) of the Tariff Act of 1930, as amended,
19 U.S.C. §1516a(a)(2)(B)(iii)(2006)[1] and 28 U.S.C. §1581(c)(2000).

For the reasons set forth below, Plaintiff's motion is denied.


**Background**

Uniroyal is an exporter that is subject to the antidumping
duty order on warm-water shrimp from India.  In its administration
of that antidumping duty order, Commerce -- at the request of the
Defendant-Intervenor Ad Hoc Shrimp Trade Action Committee[2] --
initiated the administrative review that Uniroyal seeks to

---

[1] Further citations to the Tariff Act of 1930 are to the
relevant provisions of Title 19 of the U.S. Code, 2006 edition.

[2] The Defendant-Intervenor was the petitioning party in the
underlying antidumping duty investigation.

Consol. Court No. 08-00241                                    3

challenge here.[3]  See Certain Frozen Warmwater Shrimp From Brazil,

Ecuador, India, and Thailand, 72 Fed. Reg. 17,100 (Dep't of

Commerce April 6, 2007).

The initial notice of the challenged administrative review

informed all parties for whom a review was requested, including

Uniroyal, that they were required to respond to a quantity and

value ("Q&V") questionnaire posted on the Department's web page.[4]

Uniroyal maintains that it did not have knowledge of the Q&V

questionnaire posted on the department's web site.  In any case,

Commerce did not receive a response from Uniroyal to the initial

request.

After Uniroyal failed to reply to the first request, Commerce

sent a second request, this time via Federal Express, on May 4

2007, explaining that it had not received a reply to its original

request and explaining that if Uniroyal did not reply, Uniroyal's

antidumping duty margin could be determined based on adverse facts

available.  In this May 4 request, the Department stated that

either the reply must be received by May 25, 2007, or it must be

sent via international courier service with a postmark no later

than May 25, 2007.  Also in this request, Commerce suggested that

Uniroyal obtain proof of mailing so as to be able to substantiate

---

[3] This review covered U.S. entries of goods exported from
India from February 1, 2006 to January 31, 2007.

[4] Responses to the questionnaire were due by April 23, 2007.

mailing if the submission was not received on time. Uniroyal admits receiving this notice and claims to have mailed its response on or around May 21, 2007, by regular mail, in a hand-addressed envelope. Uniroyal's response was never received by the Department.

The Department sent one further letter to Uniroyal, again via Federal Express, on June 5, 2007, ten days after the second deadline had passed. The June 5 letter stated that Commerce had not yet received Uniroyal's response, gave Uniroyal one final chance to reply, and set a new deadline of June 19, 2007. The June 5 letter, like the letter of May 5, again instructed Uniroyal to obtain proof of mailing; it also provided contact information for the Department. Uniroyal admits receiving this letter on or about June 9, 2007, but did not reply.

When Commerce published preliminary results of its administrative review, it assigned to Uniroyal (and 125 other companies that also did not reply) an antidumping duty rate based on adverse facts available. See Certain Frozen Warmwater Shrimp from India, 73 Fed. Reg. 12,103 (Dep't of Commerce Mar. 6, 2008). After receiving these preliminary results, Uniroyal, on April 8, 2008, filed a case brief with the Department in which Uniroyal claimed that it had mailed a reply to the notice of May 4, and that it therefore should not be subject to an adverse facts available rate. Commerce rejected these claims as based on new, untimely

filed, factual information.  Uniroyal was then allowed to re-file
its brief with the new factual information removed.

When the Department published its final results, on July 15,
2008, Uniroyal was assigned a margin of 110.9%, based on adverse
facts available.  See, Certain Frozen Warmwater Shrimp from India,
73 Fed. Reg. 40,492 (July 15, 2008).


## Standard of Review

Under the applicable statutory standard of review, the court
"must sustain 'any determination, finding or conclusion found' by
Commerce unless it is 'unsupported by substantial evidence on the
record, or otherwise not in accordance with the law.'" Fujitsu Gen.
Ltd. v. United States, 88 F.3d 1034, 1038 (Fed. Cir. 1996) (quoting
19 U.S.C. §1516a(b)(1)(B)(i)).  In applying this standard, the
court gives Commerce's interpretation of its regulations
substantial deference, unless such interpretation is plainly
erroneous or inconsistent with the regulation in question.
Torrington Co. v. United States, 156 F.3d 1361, 1363-64 (Fed. Cir.
1998) (citing Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512
(1994)).  In reviewing whether Commerce's actions are unsupported
by substantial evidence, the court assesses whether the agency
action is reasonable given the record as a whole. See Nippon Steel
Corp. v. United States, 458 F.3d 1345, 1350-51 (Fed. Cir. 2006).

**Discussion**

The agency determination challenged here states, in relevant

part:

> We are unable to grant Uniroyal's request that the Department find that it mailed its Q&V questionnaire because no evidence exists on the record of this review to support such a conclusion. Further, the Department explicitly stated in both the notice of initiation of this administrative review and the Q&V questionnaire issued to each producer/exporter involved in the proceeding that it was necessary for all companies to respond to the Q&V questionnaire. . . . .
>
> In addition, the cover letter attached to the May 4, 2007, Q&V questionnaire issued specifically to Uniroyal stated: ["]On April 2, 2007, the Department posted on its website (http://ia.ita.doc.gov/ia-highlights-and-news.html) a quantity and value questionnaire in this administrative review, with a due date of April 23, 2007. However, we did not receive a response from your company. Therefore, we are sending you a copy of the questionnaire by international document courier, and we are affording your company one final opportunity to respond to this data request. Please note that failure to respond to this questionnaire may result in the Department's deeming your company uncooperative in this administrative review. In such case, the Department may assign your company an antidumping duty margin based on adverse inferences, in accordance with section 776(b) of the Tariff Act of 1930, as amended (the Act). . . . Your response to this quantity and value questionnaire should be either received at the Department no later than **May 25, 2007**, or sent by an international courier service with a postmark date no later than **May 25, 2007. . . .**["]
>
> Uniroyal did not claim that it failed to receive the Q&V questionnaires issued to it, nor did the company contact the Department either to clarify how it should respond or to determine if the Department had received its Q&V questionnaire response. Therefore, we find that Uniroyal did not act to the best of its ability because: 1) the Department specifically informed the company that it was required to submit a response; 2) Uniroyal had the information in its possession which would have permitted it to respond, and yet it failed to provide this information to the Department by the deadline; 3) the

Consol. Court No. 08-00241                                    7

    Initiation Notice and the Q&V questionnaire provided
contact information for Department officials in the event
that clarification or additional explanation was
required; and 4) despite the notice and opportunity, the
Department did not receive a Q&V response from Uniroyal
at any point in time during this administrative review.

<u>Certain Frozen Warmwater Shrimp from India</u>, 73 Fed. Reg. 40492
(Dept. Of Commerce July 15, 2008), "Issues and Decision
Memorandum", 73 ITADOC 40492,A-533-840, ARP 06-07 , at 18-20 (July
7, 2008)

    As noted above, Uniroyal pursues its claim challenging the
Department's determination by a USCIT Rule 56.2 motion for judgment
on the agency record. That rule requires that the party seeking
such a judgment state, "how the [challenged agency] determination
may be unwarranted by the facts." USCIT R. 56.2(c)(1).

    In its statement of facts required by Rule 56.2(c)(1),
Plaintiff concedes that, on May 4, 2007, the Department sent
Uniroyal, by international courier, a Q&V questionnaire, and that
Uniroyal received the questionnaire on or about May 9, 2007. In
addition, Plaintiff, concedes that "Uniroyal understood the
requirement to complete and file the response to the Q&V
questionnaire because it had participated in the first
administrative review." Pl.'s Br. in Supp., p.4.

    Without any factual demonstration, however, Plaintiff makes
the assertion that Uniroyal "completed the Q&V questionnaire." <u>Id.</u>
Plaintiff also fails to acknowledge the following relevant facts

Consol. Court No. 08-00241                                    8

from the administrative record: (1) Commerce's May 4 notice
informed Plaintiff that Commerce "may require [] proof [of mailing]
in the event that [Uniroyal's] submission is not received on time."
PD 63 at 2. (2) After the deadline for submission of the Q&V
questionnaire, Commerce sent Uniroyal another letter via
international courier, providing another and final opportunity to
respond, PD 126 at 1, which Uniroyal received on or about June 9,
2007. PD 361 at 6.

     Rather, Uniroyal claims -- again without any evidentiary
demonstration -- that it "learned for the first time that their
[Q&V] response was not received by the Department upon receiving a
copy of the preliminary results" of the review.[5]  Pl.'s Br. in
Supp., p.4.   Rather, Uniroyal relies on its "case brief," as
initially filed in the administrative proceeding, A.R. Pub. 345,
where it asserted -- without any evidentiary demonstration -- that
it did in fact respond to the Q&V questionnaire. Pl.'s Br. in
Supp., p.5.

     For its part, Commerce, relying on 19 C.F.R. §351.302(d)[6],

---

     [5] Accepting this claim as true, it is at least incomplete.
As noted, Uniroyal received the third notice letter from the
Department well after it claims to have mailed its reply.
Plaintiff now claims, without supporting affidavits or other
evidence, that it assumed that its reply had simply crossed in
the mail with the Department's June 5 letter.

     [6] In relevant part, that regulation provides:

     Return of untimely filed or unsolicited material.

refused to accept Plaintiff's unsupported factual assertions presented in its case brief.

On this record, therefore, it is uncontested that the Department issued three notices that Uniroyal was required to return a Q&V questionnaire, and that Uniroyal received at least two of these notices, each of which included specific instruction to obtain proof of mailing, instruction on how to obtain help with the form, and notice of the consequences of not complying with the questionnaire in a timely manner. Nonetheless, no completed questionnaire was returned.

Considered in light of this record, as a whole, Commerce's action, in applying its regulatory time limits to this proceeding, is reasonable. Under the statutory substantial evidence standard of review, it must therefore be sustained.

Moreover, this Court has consistently sustained determinations by Commerce rejecting new factual information submitted after the applicable deadline, <u>see</u>, e.g., <u>Yantai Timken Co., Ltd. v. United States</u>, 31 CIT ___, 521 F. Supp. 2d 1356, 1371 (2007); <u>Reiner Braech GmbH & Co. KG v. United States</u>, 26 CIT 549, 559, 206 F.

---

(1) Unless the Secretary extends a time limit under paragraph (b) of this section, the Secretary will not consider or retain in the official record of the proceeding: (i) Untimely filed factual information, written argument, or other material that the Secretary returns to the submitter . . . .

19 C.F.R. §351.302(d)

Consol. Court No. 08-00241                                    10

Supp. 2d 1323, 1334 (2002); <u>Bergerac, N.C. v. United States</u>, 24 CIT

525, 532, 102 F. Supp. 2d 497, 503-04 (2000). Following this

precedent, the court must sustain Commerce's determination in this

case as well, absent sufficient reason to do otherwise. As the

court noted, "[f]or Commerce to fulfill its mandate to administer

the antidumping duty law, including its obligation to calculate

accurate dumping margins, it must be permitted to enforce the time

frame provided in its regulations." <u>Yantai Timken</u>, 521 F. Supp. 2d

at 1371.

Uniroyal argues that Commerce's rejection of its new factual

assertions, contained in its case brief, is an abuse of discretion.

But there is no evidence in the record, such as documentary proof

of mailing or affidavits from officials at Uniroyal, attesting that

Uniroyal in fact replied to the May 4 notice from Commerce. Absent

such evidence, there is simply no basis to claim that Commerce

abused its discretion in refusing to accept untimely filed factual

information. Indeed, abuse of discretion review, which generally

parallels arbitrariness review, <u>see</u> <u>3 Admin. Law & Prac. §10.6</u> (2d

ed.), is less demanding than substantial evidence review. <u>3 Admin.</u>

<u>Law & Prac. §10.4</u>. Consequently, our conclusion that Commerce's

determination is based on a reasonable reading of the record

precludes a finding of abuse of discretion here.

Furthermore, the Department's prior decisions, upon which

Uniroyal relies, cannot support its claim. Unlike the present

Consol. Court No. 08-00241                                    11

case, in two of the cited proceedings, <u>Certain Frozen Warmwater</u> <u>Shrimp from India</u>, 72 Fed. Reg. 52055 at Dec. Mem., cmt. 10 and <u>Certain Steel Concrete Reinforcing Bars From Turkey</u>, 71 Fed. Reg. 65,082 (Dep't of Commerce Nov. 7 2006), at Dec. Mem., cmt. 22, the parties to the proceedings provided the Department with sufficient verifiable evidence to support the determination that they had not received the questionnaires, and thus were uninformed of their duty to respond.

The other cases cited by Uniroyal also do not support its claims. In those cases the submitted factual material was either timely filed or it was information that Customs had tried, but failed, to get from other sources. <u>See</u> <u>Certain Preserved Mushrooms</u> <u>From the People's Republic of China</u>, 69 Fed. Reg. 54,635 (Dep't of Commerce Sept. 9, 2004), at Dec. Mem. at cmt. 7 and <u>Freshwater</u> <u>Crawfish Tail Meat From the People's Republic of China</u>, 73 Fed. Reg. 20,249 (Dep't of Commerce Apr. 7, 2008), at Dec. Mem. at cmt. 5, respectively. Once again, each decision stands for a proposition not at issue in this case.

## Conclusion

As Commerce's decision to refuse to consider untimely filed factual information was based on a reasonable reading of the evidence in the record, Commerce's determination is supported by

Consol. Court No. 08-00241                                        12

substantial evidence; accordingly, it is hereby:

ORDERED that Plaintiff Uniroyal Marine Export Limited's Motion

for Judgment On the Agency Record is DENIED; and it is further

ORDERED that Plaintiff Uniroyal Marine Export Limited's

complaint be DISMISSED.  Judgment will be entered accordingly. <u>See</u>

USCIT R. 56.2(b).


                                    _/s/_Donald_C._Pogue_____
                                     Donald C. Pogue, Judge

        Dated: June 24, 2009
        New York, New York

Slip-Op. 09-63

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - -- -x
UNIROYAL MARINE EXPORTS          :
LIMITED,                         :
               Plaintiff,        :
                                 :
                                 :
               v.                :       Before: Pogue, Judge
                                 :       Consol. Ct. No. 08-00241
                                 :
UNITED STATES,                   :
                                 :
          Defendant,             :
                                 :
     and                         :
                                 :
AD HOC SHRIMP TRADE ACTION       :
COMMITTEE,                       :
          Defendant-Intervenor.  :
- - - - - - - - - - - - - - - - ----x

**Judgment**

     This action having been duly submitted for decision, and the
court, after due deliberation, having rendered a decision herein,
now, in conformity with that decision, judgment is entered for
Defendant, and this action is hereby
     DISMISSED.


                                        _/s/_Donald C. Pogue__

                                        Donald C. Pogue, Judge

Dated:    June 24, 2009
          New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____        By: _____
                                                    Deputy Clerk